UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GREGORY RINGENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-CV-295-DCLC-DCLC |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Renewed Motion to Appoint Guardian Ad Litem [Doc. 156]. On August 4, 2025, the Court entered an Order setting a hearing in this matter for August 22, 2025 [Doc. 162].[1] Attorneys Matthew Grossman and Rebekah Harbin appeared on behalf of Plaintiff. Assistant United States Attorney Nicole Gross appeared on behalf of the United States.[2] For the reasons set forth below, the Court **GRANTS** the motion [**Doc. 156**].

I.   **BACKGROUND**

The Court will not repeat the full background of this matter as it is explained in the previous Memorandum and Order [Doc. 148]. In summary, Plaintiff seeks the appointment of a guardian ad litem ("GAL") for Defendant Mickey Ross Morgan ("Defendant Morgan") and the unknown Defendants [Doc. 156]. With respect to Defendant Morgan, Plaintiff believes that Defendant

---

[1] The Court directed Plaintiff to serve the Order on Defendant Mickey Ross Morgan and the proposed guardian ad litem, Attorney Robert Vance [Doc. 162]. On August 7, 2025, Plaintiff filed proof of service on Defendant Morgan and on Attorney Vance.

[2] Plaintiff's former counsel, Richard Graves, also attended the hearing in case the Court had any questions that he could address.

Morgan is incompetent under Tennessee law [*Id*. at 2–3]. He therefore argues that Rule 17(c) of the Federal Rules of Civil Procedure requires that the Court appoint a GAL on Defendant Morgan's behalf. Further, Plaintiff contends that he has served Defendant Morgan with this lawsuit because he delivered a copy of the Complaint and summons to his daughter, Mary Morgan, with whom he resides in accordance with Tennessee Rule of Civil Procedure 4.04(2) [*Id*. at 2].

With respect to the unknown Defendants, Plaintiff states that Rule 17(c) provides for the appointment of a GAL for minors and individuals who are incompetent [*Id*. at 3]. But, according to Plaintiff, courts have appointed guardian ad litem "multiples times . . . to represent the interests of unknown persons who nevertheless claim an interest in the subject of an action" [*Id*. at 4].

Plaintiff proposes that the Court appoint Attorney Robert Vance ("Attorney Vance") as a GAL for Defendant Morgan and for the unknown Defendants [*Id*. at 8]. During the hearing, Plaintiff's counsel, Attorney Grossman, stated that he is familiar with Attorney Vance's litigation practice and that he is well qualified in the area of real estate law. He submitted Attorney Vance's resume for the Court's review, which states that he has experience in property disputes. Attorney Vance has agreed to serve in this role [Doc. 137 p. 9].

## II.     ANALYSIS

As an initial matter, the Court previously had concerns that Plaintiff had not properly served Defendant Morgan [*See* Doc. 148 pp. 2–5]. Plaintiff states that he has re-served Defendant Morgan by serving his daughter, Mary Morgan, with whom he resides [Doc. 156]. Rule 4 of the Federal Rules of Civil Procedure states, "[A]n individual--other . . . an incompetent person, . . .-- may be served in a judicial district of the United States by . . . leaving a copy of [the summons and the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). But if the defendant is incompetent,

the plaintiff must serve him "by following state law for serving a summons or like process on such a defendant[.]" Fed. R. Civ. P. 4(g). Tennessee law provides that the plaintiff may serve an incompetent defendant as follows:

> [B]y delivering a copy of the summons and complaint to the person's resident guardian or conservator if there is one known to the plaintiff; or if no guardian or conservator is known, by delivering the copies to the individual's parent having custody within this state; or if no such parent is within this state, then by delivering the copies to the person within this state having control of the individual. If none of the persons defined and enumerated above exists, the court shall appoint a practicing attorney as guardian ad litem to whom the copies shall be delivered.

Tenn. R. Civ. P. 4.04(2).

Attorney Richard Graves, Plaintiff's former counsel, provided a declaration, setting forth his conversations with Mary Morgan, who stated that Defendant Morgan is "reliant on [her] for transportation, meals, and daily activities such as getting dressed" [Doc. 137-1 ¶ 4(h)]. Based on the evidence the Court has before it, it appears Plaintiff has served Defendant Morgan, whether he is competent or not.

Turning now to Rule 17 of the Federal Rules of Civil Procedure. It states, "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). With respect to Defendant Morgan, as the Court previously noted, "Rule 17 contemplates appointing a GAL 'for an incompetent person when there is verifiable evidence of incompetence.'" [Doc. 148 p. 6 (quoting *Mondelli v. Berkeley Heights Nursing & Rehab. Ctr.*, 1 F.4th 145, 149 (3d Cir. 2021)); see also *Langworthy v. Tuck*, No. 2:23-CV-13016, 2025 WL 1645892, at *7 (E.D. Mich. June 10, 2025) ("Generally, proving incompetence requires producing verifiable evidence of incompetence, including evidence from a court or public agency indicating that the party has been adjudicated

incompetent, or evidence from a mental health professional demonstrating that the party is treated for mental illness of a type that would render her legally incompetent." (citation omitted)). At this point, the only evidence of Defendant Morgan's alleged incompetency is the Declaration of Richard Graves, who has had discussions with Defendant Morgan's daughter [Doc. 137-1 ¶ 4(e)–(i)]. The declaration states:

> At some point in the past few years, he sold his long-time residence. He has moved several times since then, but still talks as if he still owns the prior residence he sold.
>
> Mickey Morgan thinks the President is "Bush."
>
> Mickey Morgan does not understand that he is involved in a lawsuit.
>
> Mickey Morgan lost a leg around 2017 or 2018 and is reliant on Mary Morgan for transportation, meals, and daily activities such as getting dressed.
>
> Mickey Morgan is able to recall his name, birthday, social security number, and family members, but not much else.

[*Id.*].

Given that, the Court is concerned about protecting Defendant Morgan's interests. *See Mate v. Fields*, No. 16-2730, 2017 WL 6398028, at *2 (6th Cir. June 20, 2017) ("Rule 17 protects the due process rights of incompetent civil parties 'by judicially ensuring that the guardians protect those interests.'" (quoting *United States v. Mandycz*, 447 F.3d 951, 962 (6th Cir. 2006)). In light of these concerns, the Court finds the appointment of a GAL to be appropriate at this time. And based on Attorney Matthew Grossman's proffer at the hearing, and Attorney Vance's resume, the Court finds him qualified in this role.

The Court therefore **APPOINTS** Robert Vance as the GAL; however, this appointment is for the **LIMITED** purpose of speaking to Defendant Morgan about this lawsuit, the status thereof, and whether he needs a GAL moving forward. *See AT&T Mobility, LLC v. Yeager*, 143 F. Supp.

3d 1042, 1052 (E.D. Cal. 2015) ("As an officer of the court, the guardian ad litem has full responsibility to assist the court to secure a just, speedy and inexpensive determination of the action." (quoting *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974)). The Court **ORDERS** Attorney Vance to file a status report on or before **September 5, 2025**, after he has met with Defendant Morgan.[3] Thereafter, the Court will set a status conference on the matter.

Turning to the unknown Defendants, as Plaintiff acknowledges, Rule 17 only references minor and incompetent individuals. *See* Fed. R. Civ. P. 17. But other courts have noted that Rule 17 "reflects a recognition of the value of independent representation on behalf of persons not in a position to protect their own interests." *In re Joint E. &S. Dist. Asbestos Litig.*, 1991 U.S. Dist. LEXIS 7527, 141 (S.D.N.Y. 1991); *see also* Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1570, at 504 (2d ed. 1990) ("The district court's power to appoint a guardian ad litem under Rule 17(c) has been broadly interpreted and has not been limited by a narrow construction of the 'infant' or 'incompetent.'").

In Plaintiff's earlier filed brief, he explained that "[r]eal estate litigation, such as the present case, often results in the potential existence of unknown claims who possess or claim an interest in the real estate subject to the litigation" and that "Tennessee [c]ourts often appoint GALs for unknown claims of real estate interests" [Doc. 137 p. 7 (collecting cases)]. The Court therefore finds the appointment of a GAL to be appropriate under the circumstances and hereby **APPOINTS** Attorney Vance to represent the interests of the unknown Defendants.

## III.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Renewed Motion to Appoint Guardian Ad Litem [**Doc. 156**]. The Court **DIRECTS** the Clerk's Office to add Attorney Vance

---

[3]  To the extent any information needs to be sealed, Attorney Vance may file an appropriate motion.

to the docket so that he will receives notices. Plaintiff **SHALL** serve this Memorandum and Order on Attorney Vance.

    **IT IS SO ORDERED.**

                                            ENTER:

                                            _____
                                            Debra C. Poplin
                                            United States Magistrate Judge