UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| GREGORY RINGENBERG,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | 3:23-CV-00295-DCLC-DCP |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Writ of Attachment [Doc. 90]. Plaintiff seeks attachment of all real property within Monroe County Tax Parcel 139-006.00 that any unknown defendants claim any right, title, or interest in. For the following reasons, this motion is **DENIED**.

I. **Background**

In April 2021, Plaintiff filed several lawsuits in the Chancery Court for Monroe County, Tennessee against neighboring property owners [Doc. 120, at 1-2]. These lawsuits were joined into a single case involving boundary line disputes and the use of an access road running through several property owners' lands [*Id.* at 2]. This case remains pending in state court. In August 2023, Plaintiff initiated this lawsuit against the United States in federal court [Doc. 1]. Plaintiff's initial Complaint sought to quiet title against the U.S. Forest Service's alleged easement of an access road - the same access road in dispute in the Chancery Court lawsuit [Docs. 1, 120]. One year later, in August 2024, Plaintiff filed a second Amended Complaint to join twenty of his neighbors as defendants, pursuing the same claims against them in this Court as he has been pursuing against them for four years in the Chancery Court [Doc. 120, at 2-3]. With Plaintiff's

1

Motion for Writ of Attachment, he now seeks to have the Government seize unknown tracts of land from any unknown neighbors claiming an interest in Monroe County Tax Parcel 139-006.00 who have thus far evaded Plaintiff's notice and litigation [Doc. 90]. To support this Motion, Plaintiff argues that a Writ of Attachment is necessary because these unknown property owners are not susceptible to service of process by ordinary means given their unknown identities, and by seizing the unknown portions of property, it will bring such property within the in rem jurisdiction of this Court [*Id.*].

## II. Standard of Law

Federal Rule of Civil Procedure 64 gives federal courts jurisdiction to impose every remedy available under the laws of state where the court is located to secure satisfaction of a potential judgment. Fed. R. Civ. P. 64(a). This rule specifically contemplates the remedy of attachment. Fed. R. Civ. P. 64(b). To attach property under Tennessee law, a plaintiff must state under oath "the nature and amount of the debt or demand, and that it is a just claim," and show that one or more of the grounds enumerated in Tenn. Code Ann. § 29-6-101 exists. Tenn. Code Ann. § 29-6-113.

Plaintiffs have the burden of proving by a preponderance of the evidence that one or more grounds for attachment exist. *Commerce Union Bank v. Kephart*, No. 85-300-II, 1986 WL 4280, at *4 (Tenn. Ct. App. Apr. 9, 1986). Allegations in support of attachment "must be based on something more than mere speculation." *Eberhard v. Physicians Choice Lab. Servs., LLC*, No. 3:15-0156, 2016 WL 6432794, at *2 (M.D. Tenn. Oct. 31, 2016), report and recommendation adopted, No. 3:15-CV-0156, 2016 WL 6833658 (M.D. Tenn. Nov. 21, 2016) (citation omitted). Additionally, the enumerated causes for attachment are strictly construed. *Orlowski v. Bates*, No. 2:11-CV-01396, 2015 WL 6159494, at *4 (W.D. Tenn. Oct. 20, 2015); *see also BWI, Inc. v.*

*Dobson-Hicks Co.*, No. 02A01-9202CH00037, 1992 WL 131784, at *3 (Tenn. Ct. App. June 16, 1992) ("We stress that insofar as the grounds for such an attachment are concerned, they are strictly construed, as the remedy is in derogation of the common law.").

**III.     Analysis**

Here, Plaintiff claims as a basis for the issuance of an attachment that "such Unknown Defendants are not susceptible to service of process by ordinary means given their unknown identities." [Doc. 90, pg. 2]. But Defendant has provided no evidence that other potential defendants exist, let alone that anyone with an interest in the property satisfies any of the grounds for attachment under Tenn. Code Ann. § 29-6-101. In support of the motion, Plaintiff relies solely on Attorney Graves' declaration that after "diligently" searching property records, he has found no other parties with a potential interest in Monroe County Tax Parcel 139-006.00 [Doc. 88-1]. Because Plaintiff cannot identify anyone for whom a writ of attachment may apply, at best his basis for issuance of a writ is purely speculative.

Plaintiff suggests that Tenn. Code Ann. § 29-6-101(4) applies. Under this provision, attachment may issue "where the debtors or defendants concealed is so that the ordinary process of law cannot be served upon the debtor or defendant." But Plaintiff does not allege the concealment of any Defendant. Rather, Plaintiff claims he cannot find any other Defendants with an interest in the property. *See* [Doc. 88-1, Declaration of Richard Graves, at ¶ 4]("I am unaware of other parties not specifically named in this action that may claim an interest in Monroe County Tax Parcel 139-006.00").

In any event, the magistrate judge granted Plaintiff's motion to for Order of Publication and Posting, permitting service of process by publication [Doc. 108]. Pursuant to Fed. R. Civ. P. 4(e)(1) and Tenn. Code Ann. § 21-1-204, service by publication fully satisfies notice requirements

3

when the court is acting in rem. *See, e.g., Pigrum v. Jordan*, No. 01-1361, 2002 WL 1477204 (W.D. Tenn. July 3, 2002), at *3 ("[Tenn. Code Ann § 21-1-204] provides a means of giving notice to interested parties when the court is acting in rem." (quoting *Cont'l Ins. Co. v. Masters*, No. 01A01-9206CH00254, 1993 WL 4856 (Tenn. Ct. App. Jan. 13, 1993).

Because Plaintiff cannot meet his burden of proving by a preponderance of the evidence that any grounds for attachment exist under Tennessee law, this motion [Doc. 90] is **DENIED**.

**SO ORDERED**:

s/ Clifton L. Corker
United States District Judge