UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GREGORY RINGENBERG, | No. 3:23-cv-00295-DCLC-DCP |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA; GARY REEVES; ROBIN REEVES; GARY L. FIELDS; MARTHA D. FIELDS; MERVIN OWNBY; JACOB SAMUEL-JAMESON SLACK; GREGORY SCOTT COOK; PATRICK L. WHITE; JOAN M. MOWERY; DWIGHT A. COFFEY; VICKIE S. COFFEY; THEODORE RANDOLF HAMILTON; MICKEY ROSS MORGAN; OLIVIA MORGAN; MARY MORGAN; THOMAS F. KENNY, IV; LAUREN M. KENNY; TIMOTHY ZITZMAN; KATHLEEN ZITZMAN; KMT PARTNERS, GP; and ALL OTHERS CLAIMING ANY RIGHT, TITLE, OR INTEREST IN LANDS KNOWN AS MONROE COUNTY, TENNESSEE TAX PARCEL 139-006.00, | |
| Defendants. | |

**JOINT MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 41(a) & (c) TO ENTER STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF ALL CLAIMS AND REQUEST FOR AN ORDER CONFIRMING DISCLAIMER**

Plaintiff Gregory Ringenberg and Defendant United States of America (hereinafter, the "Parties") hereby provide notice that the Parties have reached an agreement to compromise all claims between them as evidenced by the Stipulation for Compromise Settlement and Release of Claims ("Stipulation") attached as Exhibit A.

Pursuant to the Stipulation, the Parties further request that the Court enter the Order tendered as Exhibit B disclaiming any interest in Plaintiff Gregory Ringenberg's property by the

1

United States pursuant to the Quiet Title Act, 28 U.S.C. § 2409a(e). The proposed Order further dismisses all claims, counterclaims, and defenses between the Parties. Also consistent with the Stipulation, the Parties request that the Court dismiss without prejudice all of Plaintiff's claims and defenses asserted in whole or in part against the non-federal Defendants in this action. *See* Stipulation at 5.

Plaintiff further requests that the Court dismiss without prejudice the Countercomplaint filed by Defendants Timothy and Kathleen Zitzman and KMT Partners, GP, *see* Docs. 118, 119, which contains the only counterclaims that have been pled against Plaintiff by the non-federal Defendants.

The requested dismissals are appropriate in light of the United States's disclaimer, which terminates the Court's exclusive original jurisdiction over the Quiet Title Act claims that have been pled, *see* 28 U.S.C. § 2409a(e), and the Court's discretion to dismiss claims falling within the Court's supplemental jurisdiction once the original jurisdiction claims have been dismissed, *see id*. § 1367(c)(3). Moreover, dismissal without prejudice of the claims and defenses among the non-federal parties is proper to allow the non-federal parties to litigate these matters in the ongoing state chancery court proceeding. *See generally Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) ("Our cases, too, recognize that dismissals for lack of jurisdiction should generally be made without prejudice."); *Borke v. Warren*, No. 22-1270, 2023 WL 6367754, at \*3 (6th Cir. Aug. 2, 2023) ("But when a district court declines to accept supplemental jurisdiction over state-law causes of action after rejecting all federal claims in a case, the dismissal is without prejudice 'to allow the state courts to decide state issues.'") (quoting *Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021)).

DATED: April 13, 2026.

Respectfully submitted,

/s/ Damien M. Schiff

MATTHEW A. GROSSMAN
(BPR No. 22107)
REBEKAH P. HARBIN
(BPR No. 038553)
Frantz, McConnell & Seymour LLP
550 West Main Street, Suite 500
Knoxville, Tennessee 37902
Telephone: (865) 546-9321
mgrossman@fmsllp.com
rharbin@fmsllp.com
*Counsel for Plaintiff*

*Pro Hac Vice*

DAMIEN M. SCHIFF*
Cal. Bar No. 235101
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
dschiff@pacificlegal.org
*Counsel for Plaintiff as to claims against
Defendant Forest Service*

JEFFREY W. McCOY*
Colo. Bar No. 43562
Pacific Legal Foundation
1745 Shea Center Drive, Suite 400
Highlands Ranch, Colorado 80129
Telephone: (916) 419-7111
jmccoy@pacificlegal.org
*Counsel for Plaintiff as to claims against
Defendant Forest Service*

FRANCIS M. HAMILTON III
United States Attorney

s/ Ben D. Cunningham
Ben D. Cunningham (TN BPR# 030122)
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
865) 545-4167
Ben.Cunningham@usdoj.gov

**Certificate of Service**

I hereby certify that on April 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record. A hard copy of the foregoing will be forwarded via first-class U.S. Mail to the following *pro se* Defendants:

Gary L. Fields
Martha D. Fields
PO Box 836
230 Miller Ridge Road
Tellico Plains, TN 37385

/s/ Damien M. Schiff
DAMIEN M. SCHIFF*

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT TENNESSEE
AT KNOXVILLE

GREGORY RINGENBERG, )
)
    Ringenberg, )
)
v. )     No. 3:23-CV-00295-DCLC-DCP
)
UNITED STATES OF AMERICA, et al., )
)
    Defendants. )
_____ )

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF CLAIMS

Now comes the Ringenberg, Gregory Ringenberg ("Ringenberg"), by and through his attorneys

of record, and the Defendant, United States of America ("United States" or "Forest Service"), by

and through Francis M. Hamilton III, United States Attorney for the Eastern District of

Tennessee, and hereby submit the following Stipulation for Compromise Settlement and Release

of Claims ("Stipulation"). Ringenberg and the United States are referred to herein as the

"Parties."

## Statement of Case

A.     This case concerns the location of a property boundary and easement and

prescriptive rights, if any, in and to an alleged easement area within and outside the Cherokee

National Forest managed by the United States Forest Service ("Forest Service"), in Monroe

County, Tennessee. The alleged easement area is described in paragraph 11 of the United States'

Counterclaims, filed February 28, 2025.

Ringenberg bought land in 2019, and his land adjoins two Federally owned parcels managed by the Forest Service.  The two Federally owned parcels adjoining the Ringenberg property are Tracts K-1190 and K-312a.

B.      At issue in the case are the existence of a road easement of record in the Forest Service's chain of title which Ringenberg claims clouds the title to his land, and whether there are public prescriptive or other rights in the alleged easement area.  Ringenberg's complaint seeks to quiet title to his land free of any encumbrance.

C.      By this Stipulation, the Parties intend to lift the cloud of the easement on Ringenberg's title, clarify the property boundary between Ringenberg's land and that of the United States, mutually release the other from any other claims or causes of action, and address issues related to the above.

**Disclaimer**.  Subject to the terms of this Stipulation and in accordance with 28 U.S.C. § 2409a(e), the United States hereby disclaims all interests adverse to Ringenberg's land, namely Parcel 139-006.00 pursuant to, among other instruments, that deed dated May 15, 2019, from Julie Ann Hargus Gentry and Rebecca Lynn Hargus Allen to Gregory A. Ringenberg and recorded at Book WD 404, Pages 28-33, Instrument Number 19002860, in the Monroe County Register of Deed's Office (the "Ringenberg Deed").

**Property Boundaries**.  Exhibit A to this Stipulation describes the metes and bounds of Ringenberg's property as established by the Ringenberg Deed, except as they have been modified by the metes and bounds contained within the Deed Establishing Boundary between Ringenberg and Ronnie and Wanda Belcher, which latter are set forth in Exhibit B to this Stipulation. The boundary line as set forth in Exhibit B does not pertain to the boundary line at issue in the dispute between Ringenberg and the United States. It is the intent of Ringenberg and

2

the United States that the common boundary between their parcels shall be as described on Exhibit A.  Other than the common boundary between the parcels of Ringenberg and the United States, no other property boundary is intended to be modified.  This Stipulation shall be filed by the Forest Service in the land records of Monroe County, Tennessee after execution by Ringenberg and the United States and the Stipulation being filed in the above identified case.

**Remedial Measures**.  The Parties agree, at their own expense, to remove personal property and fixtures from each other's land by August 1, 2026.  Specifically, this requirement includes, but is not limited to, removal of any gates, posts, and signage.  Any survey monuments or markers that are not in accord with the metes and bounds description in Exhibit A shall also be removed or obliterated.  The Parties further agree that each party will have a licensed Tennessee surveyor made available, at a mutually convenient time, to walk the property boundary as described in Exhibit A so that the Forest Service can mark the boundary with rods, monuments, stakes or a similar designation to delineate the public/private boundary.  Once marked, the Forest Service will produce a map with the new boundary depicted for review and approval by Ringenberg's surveyor.

**Alleged Easement Area**

The Forest Service shall have the right, but not the obligation, to construct a road at any time in the future on Federal land, including Tracts K-1190 and K-312a, or on privately owned lands with the agreement of the owners of such lands. The foregoing acknowledgement of the Forest Service's right to use the alleged easement area as it occurs outside of Ringenberg's property is without prejudice to Ringenberg's right to make full and unrestricted use of the alleged easement area as it occurs on his property, including but not limited to (i) placement of a boundary fence, (ii) planting of crops and other vegetation, (iii) installation of one or more septic

3

fields, and (iv) removal of the existing road. With prior written notice to Ringenberg, it is agreed that the Forest Service and its contractors may temporarily and minimally occupy Ringenberg's land for purposes of positioning equipment and performing road construction work.  The foregoing permission to access Ringenberg's property: is limited to ten feet extending perpendicularly from the property line, and in duration for no more than 24 hours per notice; and expires upon completion of the road construction work, or two years from execution of this agreement, whichever occurs first. Should the Forest Service require greater physical or temporal access to Ringenberg's property, the Forest Service must obtain new permission. Ringenberg agrees to provide such permission in response to reasonable requests therefore.  Should additional physical or temporal access be granted, Ringenberg reserves the right to terminate such permission should the ensuing access unreasonably interfere with Ringenberg's use and enjoyment of his property. The Forest Service will remediate any damage to Ringenberg's land.

Ringenberg agrees not to challenge any rights of the United States to access the alleged easement area from Lovin Road northward to the point of intersection with Ringenberg's land and the United States will not challenge the right of Ringenberg to access the alleged easement area with the same rights as any other member of the public.

**Emergency Uses**.  Notwithstanding whether the existing road within the alleged easement area is relocated at any time in the future, both Parties agree that the alleged easement area may be used for emergency purposes, without liability for trespass, consistent with Tennessee law.  Emergency use includes wildfires, medical emergencies, lost persons, and remediating storm damage posing a safety hazard.  Nothing in this Agreement gives the United States or any other entity or person an easement or other interest in real property to access Ringenberg's property.

4

**Prescriptive Claims**.  Consistent with the language in the Paragraph titled "Disclaimer" hereinabove, the United States will not further assert prescriptive rights to the alleged easement area as it occurs on Ringenberg's property.

**Release**.  The Parties hereby disclaim and release each other from all other claims, counterclaims, defenses, and causes of action arising from the facts underlying this case. This Release does not apply to any claims, counterclaims, defenses, or causes of action that Ringenberg or the United States may have against the non-federal defendants in this case or any other persons or entities.

**Cost and Fees**.  The Parties shall bear their own costs, expenses, and attorney fees; except that Ringenberg shall be responsible for any *guardian ad litem* fees taxed as costs. Ringenberg expressly acknowledges he will not make a claim for attorney fees or costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, *et seq.*

**Court Order Confirming Disclaimer and Dismissing Case**.  The Parties will submit a joint motion to the Court that includes a copy of this Stipulation and a request that it issue an order confirming the United States' disclaimer in accordance with the Quiet Title Act, 28 U.S.C. § 2409a(e).  The Parties will also request that at the same time the Court enters an order confirming the United States' disclaimer that it should also (i) dismiss Ringenberg's claims as they apply against the United States and the United States' counterclaims against Ringenberg with prejudice and (ii) dismiss without prejudice Ringenberg's claims or defenses or any portion thereof as they apply against the other defendants in this case, with each party bearing its own costs and fees.  The Parties will submit a proposed order along with their joint motion that includes the requested language.  If the Court declines to issue an order confirming the disclaimer set forth herein, this Stipulation shall be void.

**No Precedent**.  This Stipulation is entered into by the Parties for the purpose of compromising disputed claims and defenses and avoiding the expenses and risks of further litigation.  It is not an admission of liability to any fact, claim, or defense in any issue in this action. This Stipulation has no precedential value and shall not be used as evidence regarding the merits of the claims or defenses of Ringenberg or the United States in this action.  The Parties agree this Stipulation was negotiated and executed in good faith and at an arm's length and is a fair and equitable compromise of claims that were vigorously contested.

**Anti-Deficiency Act**.  No provision in this Stipulation shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-44 and 1511-19, or any other applicable provision of law.

**Entirety of Settlement**.  This Stipulation represents the entirety of Ringenberg's and the United States' commitments regarding settlement.  This Stipulation supersedes and cancels all prior negotiations and understandings of any kind with respect to the subject matter hereof and contains all of the terms and provisions of the agreement between the Parties with respect to the subject matter hereof.  All terms of this Stipulation are contractual in nature.  The Stipulation shall not be amended, supplemented or abrogated other than by a written instrument signed by each party, or their authorized representatives.  The Parties agree that this Stipulation may be signed in counterparts.

**Governing Law and Severability**.  This Stipulation shall be governed by and construed in accordance with United States federal law.  If any provision of this Stipulation is deemed invalid or unenforceable, the balance of this Stipulation shall remain in full force and effect.

**Authorization**.  The persons signing this Stipulation warrant and represent that they possess full authority to bind the Parties on whose behalf they are signing.

**THIS STIPULATION** shall inure to and be binding upon the Parties, their successors, and assigns.

Dated this 6th day of April, 2026.

FRANCIS M. HAMILTON III

United States Attorney

*s/ Ben D. Cunningham*

Ben D. Cunningham (TN BPR# 030122)
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167
Ben.Cunningham@usdoj.gov

Dated this 6th day of April, 2026.

MATTHEW A. GROSSMAN
(BPR No. 22107)
REBEKAH P. HARBIN
(BPR No. 038553)
Frantz, McConnell & Seymour LLP
550 West Main Street, Suite 500
Knoxville, Tennessee 37902
Telephone: (865) 546-9321
mgrossman@fmsllp.com
rharbin@fmsllp.com
*Counsel for Ringenberg*

DAMIEN M. SCHIFF*
Cal. Bar No. 235101
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
dschiff@pacificlegal.org
*Counsel for Ringenberg as to claims against Defendant Forest Service*

JEFFREY W. McCOY*
Colo. Bar No. 43562
Pacific Legal Foundation
1745 Shea Center Drive, Suite 400
Highlands Ranch, Colorado 80129
Telephone: (916) 419-7111
jmccoy@pacificlegal.org
*Counsel for Ringenberg as to claims against Defendant Forest Service*

*Pro Hac Vice

8

**EXHIBIT A**

SITUATED in the 5th Civil District of Monroe County, Tennessee, being a certain tract or parcel of land containing 140.50 acres, and being more particularly bounded and described as follows:

BEGINNING at an iron pin in the center of 15-foot easement along the center of existing road and located the following calls and distances from the Southeast line of the County Road 518; South 60 deg. 08 min. East 145 feet; South 54 deg. 23 min. East 76.70 feet; South 53 deg. 43 min. East 75 feet; South 47 deg. 29 min. East 64.15 feet; South 35 deg. East 169.04 feet; and South 52 deg. 33 min. East 122.25 feet, and being the Southwest corner of property of Hilman Hargis (Deed Book 72, Page 516): thence with Hargis' property line the following calls and distances: North 46 deg. 09 min. East 387.25 feet to an iron pin; South 67 deg. 29 min.10 sec. East 194.25 feet to an iron pin; South 85 deg. 48 min. 25 sec. East 119.49 feet to an iron pin; North 71 deg. 14 min. 35 sec. East 138.77 feet to an iron pin; North 87 deg. 37 min. East 128.07 feet to an iron pin; North 03 deg. 13 min. 40 sec. East 113.36 feet to an iron pin; North 18 deg. 16 min. 20 sec. East 243.04 feet to an iron pin;

North 73 deg. 25 min. East 90.81 feet to an iron pin; North 43 deg. 01 min. 35 sec. East 189.37 feet to an iron pin; North 44 deg. 20 min. East 105 feet to an iron pin; North 61 deg. 29 min. East 113.69 feet to an iron pin; North 68 deg. 15 min. 30 sec. East 60.57 feet to an iron pin; North 52 deg. 14 min. 40 sec. East 123.22 feet to an iron pin; North 38 deg. 19 min. 30 sec. East 95.72 feet to an iron pin; North 76 deg. 19 min. 25 sec. East 195.62 feet to an iron pin; North 39 deg. 50 min. East 253.37 feet to an iron pin; North 59 deg. 03 min. East 59.83 feet to an iron pin; South 72 deg. 39 min. East 134.12 feet to an iron pin; South 52 deg. 11 min. 35 sec. East 87.90 feet to an iron pin; and South 83 deg. 13 min. East 94.84 feet to an iron pin, corner to property of Ronnie Belcher (Deed Book 216, page 272); thence with Belcher's property line the following calls and distances: North 63 deg. 19 min. East 165.07 feet to an iron pin; North 56 deg. 49 min. East. 58.23 feet to an iron pin; North 45 deg. 50 min. East 123.04 feet to an iron pin; North 61 deg. 29 min. East 46.33 feet to an iron pin; South 88 deg. 19 min. East 107.33 feet to an iron pin; and North 68 deg. 25 min. 20 sec. East 314.12 feet to an iron pin, corner to property of Ricky Holden (Deed Book 204, page 148); thence with Holden's property line the following calls and distances: South 64 deg. 44 min. East 57.35 feet to an iron pin; South 29 deg. 13 min. East 40 feet to an iron pin; South 64 deg. 26 min. 25 sec. East 79.26 feet to an iron pin; North 80 deg. 14 min. East 53 feet to an iron pin; and North 58 deg. 01 min. 40 sec. East 191.62 feet to an iron pin, corner to property of Frank Steadman (Deed Book 208, page 556); thence with Steadman's property line the following calls and distances: South 81 deg. 17 min. East 73.74 feet to an iron pin; South 44 deg. 10 min. East 202.75 feet to an iron pin; South 84 deg. 16 min. East 57.93 feet to an iron pin; South 70 deg. 44 min. East 74.08 feet to an iron pin, corner to property of Gary Fields (Deed Book 220, page 202); thence with Fields' property line the following calls and distances: South 05 deg, 55 min. 30 sec. East 82.12 feet to an iron pin; South 13 deg. 08 min. 30 sec. East 76.48 feet to an iron pin; South 27 deg. 58 min. East 152.22 feet to an iron pin; South 20 deg. 36 min. East 53.12 feet to an iron pin; and South 34 deg. 42 min. 30 sec. West 78.18 feet to an iron pin, corner to Cherokee National Forest; thence with the line of Cherokee National Forest the following calls and distances: South 10 deg. 03 min. 30 sec. East 97.37 feet to an iron pin; South 00 deg. 15 min. West 264 feet to an iron pin; South 62 deg. 09 min. West 86.80 feet to an iron pin; South 52 deg. 45 min. 20 sec. West 316.25 feet to an iron pin; South 38 deg. 31 min. West 151.27 feet to an iron pin; South 56 deg. 58 min. 25 sec. West 196.85 feet to an iron pin;

1

South 82 deg. 43 min. West 83.80 feet to an iron pin; South 72 deg. 08 min. 30 sec. West 44.31 feet to an iron pin; South 60 deg. 34 min. West 83.72 feet to an iron pin; South 45 deg. 48 min. West 118.50 feet to an iron pin. South 21 deg. 47 min. West 218.89 feet to an iron pin; South 04 deg. 40 min. West 76.13 feet to an iron pin; South 12 deg. 42 min. East 126.52 feet to an iron pin; South 03 deg, 46 min. West 241.39 feet to an iron pin; North 86 deg. 48 min. 35 sec. West 249.22 feet to an iron pin; North 12 deg. 29 min. West 16 feet to an iron pin; South 70 deg. 10 min. 45 sec. West 112.56 feet to an iron pin; South 31 deg. 12 min. West 121.48 feet to an iron pin; South 34 deg. 09 min. West 160.47 feet to an iron pin; South 80 deg. 44 min. 40 sec. West 122.94 feet to an iron pin; South 56 deg. 32 min. West 75 feet to an iron pin; South 42 deg. 24 min. 30 sec. West 71.16 feet to an iron pin; South 27 deg. 55 min. West 71 feet to an iron pin; South 51 deg. 07 min. 40 sec. West 230.26 feet to an iron pin; South 37 deg. 06 min. West 139 feet to an iron pin; South 29 deg. 01 min. West 59 feet to an iron pin; South 86 deg. 24 min. West 75.61 feet to an iron pin; South 65 deg. 19 min. 15 sec. West 36.27 feet to an iron pin; South 47 deg. 50 min. West 78.88 feet to an iron pin; South 55 deg. 18 min. West 59.60 feet to an iron pin; South 72 deg. 52 min. West 34.60 feet to an iron pin; South 80 deg. 32 min. West 34.15 feet to an iron pin. South 87 deg. 14 min. West 177.86 feet to an iron pin; South 77 deg. 45 min. West 164.13 feet to an iron pin; North 00 deg. 31 min. East 10 feet to an iron pin; and South 89 deg. 19 min. West 117.67 feet to an iron pin in the line of property of Charles Butler; thence with Butler's property line the following calls and distances: North 22 deg. 59 min. West 56.53 feet to an iron pin; North 37 deg. 19 min. West 82.37 feet to an iron pin; North 02 deg. 29 min. East 147.12 feet to an iron pin; North 03 deg. 24 min. 30 sec. West 92.87 feet to an iron pin; North 24 deg. 26 min. 30 sec. West 70.30 feet to an iron pin; North 64 deg. 18 min. West 129.66 feet to an iron pin; North 70 deg. 41 min. West 143.80 feet to an iron pin; North 14 deg. 23 min. West 116.58 feet to an iron pin; North 12 deg. 18 min. East 140 feet to an iron pin; North 15 deg. 28 min. West 70.54 feet to an iron pin; North 43 deg. 51 min. West 161.03 feet to an iron pin; North 56 deg. 28 min. West 107.17 feet to an iron pin; North 33 deg. 15 min. 30 sec. West 68.55 feet to an iron pin; North 14 deg. 56 min. 30 sec. West 105.01 feet to an iron pin; North 62 deg. 54 min. 35 sec. West 110.29 feet to an iron pin; North 47 deg. 18 min. West 156.06 feet to an iron pin; North 44 deg. 02 min. 25 sec. West 115.84 feet to an iron pin; North 44 deg. 07 min. West 165.46 feet to an iron pin; and North 46 deg. 09 min. east 11.33 feet to an iron pin in the center of a 15-foot easement along the center of the existing road running Southeast from County Road 518, THE POINT OF BEGINNING, as shown by survey of Troy Richard Slack, Surveyor, RLS #680, 425 County Road 435, Englewood, TN.

# **EXHIBIT B**

LYING AND BEING situated in the Fifth Civil District of Monroe County, Tennessee, and being more particularly described as follows, to-wit:

BEGINNING at the Northeast corner of Ringenberg's property at a point marked "MFC" on the below referenced plat; thence along the boundary of the properties: South 72 deg. 32 min. West 66.86 feet to a l" iron pipe found; North 82 deg. 59 min. West 131.79 feet to a ½" iron rod found; North 47 deg. 10 min. West 161.46 feet to a metal fence corner; North 59 deg. 37 min. West 51.93 feet to a ½" iron rod found; South 89 deg. 38 min. West 70.11 feet to a l" iron pipe found; South 56 deg. 29 min. West 66.34 feet to a ½" iron rod set; South 51 deg. 42 min. West 113.07 feet to a ½" iron rod set; South 72 deg. 56 min. West 63.21 feet to a ½" iron rod set; North 72 deg. 50 min. West 55.99 feet to a ½" iron rod set; North 52 deg. 17 min. West 93.37 feet to a metal fence corner; South 87 deg. 43 min. West 27.53 feet to a 1" iron pipe found; South 61 deg. 38 min. West 196.00 feet to a metal fence corner; South 61 deg. 03 min. West 116.02 feet to a ½" iron rod set; South 88 deg. 35 min. West 95.19 feet to a ½" iron pin found; South 56 deg. 58 min. West 55.04 feet to a ½" iron rod set; South 42 deg. 36 min. West 158.42 feet to a metal fence corner; South 56 deg. 30 min. West 90.85 feet to a ½" iron rod set; South 56 deg. 03 min. West 87.47 feet to a ½" iron rod found; South 86 deg. 53 min. West 35.97 feet to a ½" iron rod set; North 69 deg. 38 min. West 148.47 feet to a ½" iron rod set; North 62 deg. 21 min. West 76.24 feet to a ½" iron rod set; South 79 deg. 31 min. West 69.24 feet to a 3/4" iron pipe found; South 45 deg. 34 min. West 120.46 feet to a ½" iron rod set and South 30 deg. 49 min. West 183.86 feet to a Stone Found corner with Hillman, shown on said plat as point "B" same being the Northwestern most corner of Ringenberg's property, as shown on the recorded plat of record in Cabinet M, Page 62, in the Register's Office for Monroe County, Tennessee.

1

**EXHIBIT B**

| | |
|---|---|
| GREGORY RINGENBERG, | |
| Plaintiff, | |
| v. | No. 3:23-cv-00295-DCLC-DCP |
| UNITED STATES OF AMERICA; GARY REEVES; ROBIN REEVES; GARY L. FIELDS; MARTHA D. FIELDS; MERVIN OWNBY; JACOB SAMUEL-JAMESON SLACK; GREGORY SCOTT COOK; PATRICK L. WHITE; JOAN M. MOWERY; DWIGHT A. COFFEY; VICKIE S. COFFEY; THEODORE RANDOLF HAMILTON; MICKEY ROSS MORGAN; OLIVIA MORGAN; MARY MORGAN; THOMAS F. KENNY, IV; LAUREN M. KENNY; TIMOTHY ZITZMAN; KATHLEEN ZITZMAN; KMT PARTNERS, GP; and ALL OTHERS CLAIMING ANY RIGHT, TITLE, OR INTEREST IN LANDS KNOWN AS MONROE COUNTY, TENNESSEE TAX PARCEL 139-006.00, | |
| Defendants. | |

## <u>ORDER</u>

Before the Court is the Joint Motion to Enter Stipulation for Compromise Settlement and Release of All Claims and Request for an Order Confirming Disclaimer submitted by Plaintiff Gregory Ringenberg and the United States of America.  The motion, made pursuant to the Quiet Title Act, 28 U.S.C. § 2409a(e), as well as Federal Rules of Civil Procedure 12(b)(1) and 41(a) & (c), is well taken and thus is herein **GRANTED**.

It is hereby **ORDERED** that, in accordance with the Quiet Title Act, 28 U.S.C. § 2409a(e), the United States' disclaimer of any interest in the property of Plaintiff Gregory Ringenberg, as described in the Stipulation for Compromise Settlement and Release of All Claims, be confirmed.

It is further **ORDERED** that, based on the representations of the Plaintiff Gregory Ringenberg and the United States that all matters in controversy between them have been fully and finally settled, all claims and counterclaims between Plaintiff Gregory Ringenberg and the United States be dismissed with prejudice, with each party to bear its own costs and attorney's fees.

It is further **ORDERED** that, pursuant to the above-referenced Stipulation, as well as 28 U.S.C. §§ 2409a(e) and 1367(c)(3), Plaintiff Gregory Ringenberg's claims and defenses, insofar as they are pled against Defendants other than the United States, be dismissed without prejudice, with each party bearing its own costs and attorney's fees, except as for any fees that may be taxed with respect to the guardian ad litem whom the Court has appointed for Defendant Mickey Ross Morgan and the Unnamed Defendants.

It is further **ORDERED** that, pursuant to the above-referenced Stipulation, as well as 28 U.S.C. §§ 2409a(e) and 1367(c)(3), the Countercomplaint filed by Defendants Timothy and Kathleen Zitzman and KMT Partners, GP, *see* Docs. 118, 119, be dismissed without prejudice, with each party bearing its own costs and attorney's fees.

It is further **ORDERED** that any other pending motions be denied as moot.

**SO ORDERED**:

_____
United States District Judge